UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON PAUL NAQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1272** |
| **LAW OFFICE OF THE INDIGENT DEFENDER 17TH JUDICIAL DISTRICT COURT** | **SECTION: "L"(5)** |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was initiated upon payment of the filing fee by *pro se* Plaintiff, Nelson Paul Naquin, against Defendant, the "Law Office of the Indigent Defender 17th Judicial District Court-Parish of Lafourche."[1]  (Rec. doc. 6, pp. 1, 7).   Plaintiff, an inmate of Lafourche Parish Correctional Complex, complains that, other than the attorney he spoke to at his arraignment, he has not spoken to an appointed public defender assigned to his case and he has not received answers to his letters to the Indigent Defender Board requesting the name of his attorney.  He requests injunctive relief and monetary compensation.  (*Id*. at p. 6).  Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915A mandates that a district court review any civil complaints in which

a prisoner seeks relief against a government entity, officer, or employee regardless of

---

[1] The Court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Smith v. Lonestar Constr., Inc*., 452 F. App'x 475, 476 (5th Cir. 2011), *cert. denied*, 565 U.S. 1263, 132 S. Ct. 1746 (2012) (quotation omitted); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

whether the prisoner has paid the filing fee. *Thompson v. Hayes*, 542 F. App'x 420 (5th Cir. 2013) (citing *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998)); *see also Hyland v. Clinton*, 3 F. App'x. 478, 479 (6th Cir. 2001) (holding district court "acted pursuant to express statutory authority under § 1915A" when it *sua sponte* dismissed fee-paid prisoner complaint). Under § 1915A, a district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, officer, or employee, before docketing, if feasible, or as soon as practicable after docketing, if the court concludes that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous "if it lacks an arguable basis in law or fact." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).[2]

The law is well-settled that in order to set forth a cognizable claim under § 1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or law of the United States. *Parratt v. Taylor*,

---

[2] The Court notes Plaintiff's requested relief entailed that he "have his bond obligation dropped and be released from custody." (Rec. doc. 6, p. 6). That form of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Boyd v. Biggers*, 31 F.3d 279, 283 n. 4 (5th Cir. 1994).

451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330 (1986).   In this case, Plaintiff has sued the "Law Office of the Indigent Defender 17th Judicial District Court."   Even if correctly identified, the "Louisiana Public Defender Board" is a state agency, La. Rev. Stat. Ann. § 15:146(A)(1), and his claim against this entity fails because state agencies are not "persons" subject to suit under § 1983.   *Will v. Michigan Department of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Hyatt v. Sewell*, 197 F. App'x 370 (5th Cir. 2006); *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *McGuire v. Lafourche Parish Work–Release Facility*, Civ. Action No. 09–6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); *Levy v. Office of Legislative Auditor*, 362 F. Supp.2d 729, 735 (M.D. La. 2005); *Goins v. State of Louisiana*, Civ. Action No. 04–1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); *Greer v. Tran*, Civ. Action No. 02–3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Additionally, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."   *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000); *see also* U.S. Const. amend. XI.   The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983,

3

> Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280–81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313–14 (5th Cir. 1999); *McGuire*, 2009 WL 4891914, at *3–4.[3]

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit against "Law Office of the Indigent Defender 17th Judicial District Court-Parish of Lafourche" be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[3] In docketing the complaint, the Clerk identified the 17th Judicial District Court as a separately named defendant. However, the complaint plainly alleges otherwise and identifies a single responsible defendant. Even if Plaintiff had named the "17th Judicial District Court for the Parish of Lafourche" as a defendant, it has long been recognized that "state courts are not considered 'persons' within the meaning of § 1983." *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of Louisiana*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*, No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007). Additionally, even if the state trial court could be sued, claims against the court, as a division or agency of the State, would be barred by the Eleventh Amendment for the reasons previously addressed. *Jefferson v. Louisiana State Supreme Court*, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002); *Wilkerson v. 17th Judicial District Court*, Civ. Action No. 08–1196, 2009 WL 249737, at *3–4 (E.D. La. Jan. 30, 2009). Therefore, any § 1983 claims alleged against the "17th JDC" must also be dismissed. Under the circumstances, an amendment to the complaint would be futile as no viable claim may be stated against the defendant entities.

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

    New Orleans, Louisiana, this  13th  day of  April , 2022.

                                            **MICHAEL B. NORTH**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.